| .KLEES, Chief Judge.
Defendant, Donald E. Dahl, appeals from a judgment of the trial court in these consolidated cases involving a property dispute between two neighbors. Plaintiffs, the Successions of Gloria Ann DeGruy Wheeler and Virgil M. Wheeler, Jr. answered the appeal seeking damages, attorney’s fees and court costs for the filing of a frivolous appeal.
On July 12, 1985 a Petition to Fix Boundary was filed by Gloria Ann DeGruy and Virgil M. Wheeler, Jr. against Mrs. Mary Dooley, wife of/and Donald E. Dahl. Plaintiffs amended their petition in 1990 alleging that they had erected a wooden fence at the property line as shown by a commissioned survey, and they sought in-junctive relief to prevent defendants from removing this fence. Defendants could not be located, and curators were appointed to represent them. Thereafter, Mr. Dahl was located, but Mrs. Dahl remained an absentee. In June of 1990, the trial court granted plaintiffs’ request for injunctive relief. A trial date originally set for October of 1990 was continued at the request of Mr. Dahl.
LA trial was held on the merits of plaintiffs’ petition to fix boundary in December of 1990. By judgment dated January 3, 1991, plaintiffs were found to be the owners of the property in question and they were awarded damages. Defendants were not present at the trial.
On January 9, 1991, Donald Dahl filed a Motion for New Trial from this judgment on the grounds that on the date of the trial, he was in a hospital in Gulfport for tests and treatment of prostate cancer. He also argued that he hired an attorney *951 to represent him, but the attorney failed to appear for trial.
In March of 1991, the trial court granted Mr. Dahl’s Motion for New Trial and further ordered that the injunction granted in June of 1990 remain in effect. Plaintiffs filed a notice of lis pendens on the property which was duly recorded in the mortgage records. Thereafter, the court continued the setting of trial in this matter on several occasions at the request of Donald Dahl. In September of 1998, the trial court scheduled a pre-trial conference in this matter and a trial date for October 15, 1998. Dahl filed a motion to continue this matter, and the trial court denied the motion. Dahl failed to appear for the pretrial conference.
At the conference, the trial court expressed her recommendation that the boundary of the property be set in accordance with a survey conducted on September 24, 1998 and that plaintiffs’ damage claim be dismissed. Thereafter, Dahl filed a motion to recuse the trial judge on the basis that she was biased in favor of plaintiffs. This matter was then reallotted for the purposes of a recusal hearing.
|sDahl then filed a motion to continue the hearing on the motion to recuse, and the trial court subsequently denied the motion to continue and the motion to re-cuse. Dahl filed a motion for new trial contending that he was not given proper notice of the hearing on the motion to recuse. The trial court granted this motion and re-scheduled the hearing on the motion to recuse for November 9, 1998.
The October 15,1998 trial date was continued pending the motion to recuse hearing. Further, on October 27, 1998, Dahl filed a Notice of Disability and Request for Reasonable Accommodation on the basis of the Americans with Disability Act, requesting a reasonable modification of the rules, policies and procedures of Civil District Court. By order of the trial court dated November 4, 1998, Dahl was authorized and permitted to participate in the hearing on the motion for recusal set for November 9,1998.
By judgment dated November 10, 1998, the motion to recuse was again denied. Dahl then filed a motion for appeal from this judgment which was granted on November 18, 1998. During the pendency of this appeal, Dahl filed a motion to stay the trial on the merits which was scheduled for December 4, 1998. The trial court denied the motion to stay on the basis that jurisdiction was divested to the Court of Appeal pursuant to La. C.C.P. art. 2088. Thereafter, the Court of Appeal vacated the order of appeal and converted it to an application for supervisory writs. This Court noted in its disposition that Dahl was free to file a motion to stay the trial in the trial court. Dahl failed to file a second motion to stay, and the trial proceeded on December 4, 1998.
|/The trial court rendered judgment on December 10, 1998 in favor of plaintiffs and against Mary Dooley wife of/and Donald Dahl stating that the boundary of the property should be fixed in accordance with the survey conducted on September 24, 1998. The court also cancelled the recordation of lis pendens and awarded damages to plaintiffs in the amount of $1,392.00, which represented half of the cost of the survey and half of the initial and repair costs of the fence. The judgment also awarded plaintiffs court costs and legal interest.
Dahl filed a motion for new trial which was considered by the trial court in a hearing on January 8,1999. Mr. Dahl was permitted to participate in this hearing over the telephone. Following the hearing, the trial court denied the motion for new trial. Dahl now appeals from this judgment on the basis of one assignment of error: the trial court erred in failing to grant Dahl reasonable accommodation pursuant to his disability at the trial of the matter by failing to permit him to participate by telephone in the trial held on December 4, 1998. Appellant, contends *952 that the trial court’s actions violate the Americans with Disabilities Act.
The record fails to support any violation of federal law. Mr. Dahl filed a request for reasonable accommodation during the pendency of his motion to recuse, and the trial judge hearing this motion granted his request. Prior to the trial date of December 4,1998, Dahl appealed from the judgment of the trial court denying his motion to recuse. He also filed a motion to stay the trial date based on the pendency of the appeal. However, Mr. Dahl failed to request a stay of the trial once the order of appeal was vacated by this Court, and Mr. Dahl failed to request lstelephone participation in the trial set for December 4, 1998. In fact, the record shows that Mr. Dahl did not attempt to maintain contact with the court after his motion to stay was denied on December 1, 1998. Mr. Dahl was aware of the impending trial date, yet failed to alert the trial court to his whereabouts on the date of trial. Further, the trial judge stated in the hearing on the motion for new trial that she would have accommodated Mr. Dahl with telephone participation had he given the court the benefit of a number where he could be reached. Under these circumstances, we find no merit in appellant’s contentions that the trial court failed to make reasonable accommodations for his disability.
In fact, the record overwhelmingly indicates that Mr. Dahl was given many reasonable accommodations based on his disability during the pendency of the trial court proceedings. The original trial date was continued several times due to Mr. Dahl’s disability. A motion for new trial was granted to allow Mr. Dahl’s participation in the merits of these proceedings. The second trial was continued numerous times at the request of appellant. Further, the record indicates that Mr. Dahl was afforded telephone participation in these proceedings each time he requested it.
The original petition to fix a boundary was initially filed in the trial court in 1985. The matter was not finally resolved by the trial court until January of 1999 when appellant’s motion for new trial was denied. Over this fourteen year period, Donald Dahl was afforded every reasonable accommodation and consideration based on his stated disability. We fail to find the trial court erred in rendering | (judgment in this matter without the telephone participation of appellant. - The trial court’s judgment is therefore affirmed. Appel-lees’ request for damages for the filing of a frivolous appeal is denied.

AFFIRMED.